J. E. JARMON V. THE STATE.

No. 22104. Delivered May 6, 1942.
Appellant's Motion for Rehearing Overruled (Without
Written Opinion) June 3, 1942.

The opinion states the case.

*Alex P. Pope,* of Tyler, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Driving an automobile on a public highway while intoxicated is the offense; the punishment, a fine of $50.00.

A policeman of the City of Tyler, who arrested appellant while driving his automobile upon one of the streets of that city, testified that, at the time, he smelled the odor of alcohol on appellant's breath; and that he saw and observed appellant's conduct and conversation, by reason of which he was able to say that appellant was under the influence of intoxicating liquor.

Almost a full gallon of wine was found in appellant's car.

Appellant, testifying as a witness in his own behalf, denied that he was drunk or under the influence of intoxicating liquor at the time. He said that the wine found in the car belonged to another person, and that he (appellant) had not drunk any of it. He admitted that, several hours before the arrest, he drank one bottle of beer.

The disputed issue of fact thus presented was for the jury; it was within their province to accept the testimony of the policeman. The facts are, therefore, sufficient to support the conviction.

The sole complaint here presented is to the trial court's failure to give appellant's special requested charge, the effect of which was that the jury be instructed that, if they entertained a reasonable doubt as to whether the appellant was drunk or under the influence of intoxicating liquor at the time, they should acquit him, even though they might believe that he had been drinking.

We perceive no legal distinction between such a charge and that given by the trial court, wherein the jury were instructed that, if they entertained a reasonable doubt as to whether the appellant was drunk or under the influence of intoxicating liquor, at the time, they should acquit him.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.